# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOSHUA ALEXANDER SANCHEZ,<br><br>      Petitioner,<br><br>  v.<br><br>DEPARTMENT OF CORRECTIONS TIME ACCOUNTING,<br><br>      Respondent. | Case No. 3:25-cv-00102-SLG-MMS<br><br>**REPORT AND RECOMMENDATION<br>RE § 2254 PETITION [1]** |

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[1] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[2] Upon screening, it plainly appears that the petitioner is not entitled to relief, and his petition should be dismissed.

On May 28, 2025, Joshua Alexander Sanchez ("Petitioner"), a self-represented detainee in Anchorage Correctional Complex in the custody of the State of Alaska Department of Corrections ("DOC"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Section 2254") and paid the filing fee.[3] The Court takes judicial notice[4]

---

[1] Rule 4(b), Rules Governing Section 2254 Cases for the United States District Courts.
[2] *Id.*
[3] Dkts. 1.
[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *See also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal

of Petitioner's criminal case referenced in his petition, though it notes that Petitioner's interaction with the Alaska criminal justice system is more extensive than the present matter. *See*, *State of Alaska vs. Sanchez,* Case No. 3PA-18-01083CR. This Court takes further notice that Courtview does not reflect any appeal being filed in the Alaska courts for this criminal case. This Court has also confirmed, consistent with Petitioner's representations, that his case concluded via guilty plea.

Petitioner raises two grounds for relief, but each relates to his argument that he had received a time-served sentence after changing his plea to guilty, but that the DOC continues to hold him in detention in violation of that sentence.[5] Petitioner writes that he did not raise this on appeal, but he argues, consistent with the record, that he is raising this issue currently with the superior court.[6] For relief, he requests release from custody and monetary damages.[7]

## DISCUSSION

**1. Jurisdiction**

28 U.S.C. § 2254 provides a procedural vehicle for a petitioner who has been convicted by a state court to challenge his custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." As such, relief under § 2254 can only be afforded in the event of a violation of federal law.[8] A federal court lacks

---

quotation marks and citation omitted).
[5] Dkt. 1 at 6–8.
[6] *Id.* at 6–8.
[7] *Id.* at 15.
[8] *See*, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Estelle v.*

jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[9] The core of habeas corpus is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody."[10] A writ of habeas corpus may only grant relief that if successful would "necessarily lead to his immediate or earlier release from confinement" or a "quantum change in the level of custody."[11]

Here, Petitioner requests release from custody and monetary damages.[12] Release from custody is within the core of habeas relief, and the Court has jurisdiction over that claim within habeas. The request for monetary relief is not properly brought within this petition, as such a demand is more proper as a Section 1983 claim. Petitioner should be aware that this Court is not making any suggestion as to whether a Section 1983 claim would be meritorious or likely to result in a favorable outcome.

However, Petitioner has named "Department of Corrections Time Accounting" as the respondent. Should the Court disagree with the ultimate recommendation of dismissal, Petitioner's filing must be amended to name an individual with custodial authority over

---

*McGuire*, 502 U.S. 62, 67 (1991)); *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).
[9] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).
[10] *Id.* at 929–30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).
[11] *Id.* at 935; *Nettles v. Grounds ("Santos")*, 788 F.3d 992, 1005 (9th Cir. 2015) (holding that a federal district court had habeas jurisdiction over a petitioner's claim asking for a disciplinary record to be expunged, because the expungement would lead to a speedier release from punitive segregation.).
[12] Dkt. 1 at 15.

him, rather than the DOC or any of its offices, such as the Commissioner.[13] As such, for this deficiency, the Court lacks jurisdiction.

### 2. Exhaustion

However, even assuming that the Court presently has jurisdiction, the Petitioner has not exhausted his state remedies. A petition "shall not be granted unless [. . .] the applicant has exhausted the remedies available in the courts of the State" or that such process is absent or ineffective. 28 U.S.C. § 2254(b). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."[14] As such, a petition must give the state courts a fair opportunity to address his constitutional claims. *Id.* To meet this burden, "petitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement."[15] However, while

---

[13] *See*, Rule 2(a), Rules Governing Section 2254 and 2255 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state **officer** who has custody.") (emphasis added); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), *as amended* (May 8, 1996) ("Typically, this person is 'the warden of the facility in which the petitioner is incarcerated.'"); *Sky v. Stolc*, 497 F. App'x 696, 697 (9th Cir. 2012) (affirming the dismissal of petition for failure to name a state officer under Alaska law who had custody over the petitioner.).
[14] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).
[15] *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005).

exhaustion is required, it is not necessary for a court to address if denying the petition. 28 U.S.C. § 2254(b)(2).

Here, Petitioner has not exhausted his Alaska state court remedies. While this Court does not have immediate access to the filings' substance in his superior court case, the record reflects that he has not filed an appeal in his criminal case to the Alaska Court of Appeals. While the allegation that DOC is holding Petitioner in violation of the superior court's judgment is serious, the proper venue is the superior court, and it appears from the record that the matter is currently being briefed. Accordingly, to the extent that the Court has jurisdiction over aspects of this petition (assuming that a proper Respondent be named in an amended petition), this petition should be dismissed for Petitioner's failure to exhaust his remedies before filing.

This Court recommends dismissal without prejudice to allow him to refile should he eventually exhaust his state remedies.

**IT IS THEREFORE RECOMMENDED THAT:**

1. the Petition at Docket 1 be **DISMISSED without prejudice**;
2. the Clerk of Court be directed to enter a final judgment; and
3. a certificate of appealability not issue.[16]

---

[16] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may be granted only if the applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and

DATED this 25th day of June, 2025, at Anchorage, Alaska.

/s/ Matthew M. Scoble
_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on **July 9, 2025**. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on **July 16, 2025**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

---

citations omitted)). Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.